IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AWA DULLEH,

   Plaintiff,

v.

WARDEN,

   Defendant.

Civil Action No.: PWG-21-577

## MEMORANDUM OPINION

On March 10, 2021, this Court issued an Order requiring Plaintiff to file an Amended Complaint as well as a Motion to Proceed in Forma Pauperis. ECF No. 3. Plaintiff filed his Amended Complaint on March 24, 2021 together with the required motion. ECF Nos. 4 & 5.[1] The Court now grants his motion. Plaintiff also filed a Motion for Evidentiary Hearing, which is denied. ECF No. 7. For the reasons that follow, the complaint must be dismissed.

### Amended Complaint Allegations

Plaintiff alleges that he confronted Officer Cunningham, a correctional officer at Roxbury Correctional Institution ("RCI") about imitating "Africans and how we speak with a heavy accent for more than 7 (several) days." ECF No. 4 at 2. He claims that on or about January 27 or 28, 2021, he "peacefully asked" the tier officer, Officer Shank, to accompany him while he spoke with Cunningham about how Cunningham's imitation of Plaintiff's accent was disrespectful and hurtful. *Id*. at 3. After Cunningham verified that he was the officer using the public address system in the housing unit to imitate African accents, Plaintiff informed him that his actions were "making inmates uncomfortable, hurt and oppressed." *Id*. Plaintiff then told Cunningham that he had

---

[1] On March 26, 2021, a supplemental memorandum was filed with a request for records and attached copies of administrative remedy procedure complaints. ECF No. 6.

witnesses and that Cunningham was violating Plaintiff's Eighth Amendment rights. *Id*. Plaintiff recalls that when he was walking away, Cunningham told him to "start packing." *Id*. Plaintiff does not explain what, if anything, happened immediately after this exchange or as a result of it.

Plaintiff also alleges that on January 31, 2021, Officer S. Witmer "constantly states 'bring all you[r] shit with you'" before letting inmates out of their cells. ECF No. 4 at 4. He states that "[s]he constantly disrespects men that have nothing but respect for her." *Id*. Plaintiff complains that on one occasion, Witmer let inmates in cells 36 through 42 out for recreation for 35 to 40 minutes, instead of the usual 45 minutes of recreation. *Id*. When Plaintiff did not return to his cell before Witmer ordered the cell doors closed, she told Plaintiff that he would not be allowed out of his cell during the next recreation period. *Id*. He claims Witmer violated his Eighth Amendment rights by cutting his recreation period short. *Id*.

On February 3, 2021, after Plaintiff had returned from an adjustment hearing, he claims that Sgt. Hess called him into the lobby of the housing unit and informed Plaintiff that he was being moved to a different housing unit due to his conflict with Cunningham. ECF No. 4 at 5. Sgt. Hess informed Plaintiff that he was being moved "to the quarantine tier," and Plaintiff refused because he had "not tested negative," nor was he a new transfer to RCI, nor was he going to court. *Id*. According to Plaintiff, the tier he was being moved to was generally reserved for inmates who required quarantine, were newly transferred, or were going out for a court date. *Id*. Plaintiff was placed in segregation and states that he was put there "for standing up for what's right" and "protecting mine and others 8th amendment" rights. *Id*.

During his confinement on segregation, Plaintiff states that he was not permitted to take a shower until he had been there for 90 hours. ECF No. 4 at 6. Then, he was allowed only a ten-minute shower, and the water was cut off before he could rinse the soap from his face. *Id*. Plaintiff

asked the officer in charge why he was not permitted to have more time, and when the officer responded by asking Plaintiff if he felt he deserved more time, Plaintiff states he had a mental breakdown. *Id*. Plaintiff claims that the mental breakdown led to him being placed in the psychology assessment room, where he was confined without clothing. *Id*. Plaintiff recalls that he asked the "psy doctor" to speak with investigative officer Fisher, and hours later, Lt. Hague and Lt. Fisher came to see him. *Id*. He states that Hague and Fisher were not impartial, but instead began assassinating his character. *Id*. at 6-7. During the conversation, Plaintiff explained that Cunningham's behavior bothered him because he is from West Africa. *Id*. at 7. Hague asked Plaintiff how Hague could be certain that Cunningham was not South African. *Id.* Plaintiff states he then realized that Hague was not there to investigate his complaint about Cunningham. *Id*. He alleges that on February 11, 2021, the same officers who admitted him to the "psy room" came back to taunt him, pointing at him through the glass window stating "'yea that's the one.'" *Id*.

As relief, Plaintiff seeks immediate release or to be placed on home detention. ECF No. 4 at 8. He provides a document with signatures from two other inmates attesting to Cunningham's imitation of African accents. *Id*. at 9.

## Discussion

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Plaintiff was provided with an opportunity to amend the complaint and was advised that the allegations concerning Cunningham's conduct did not state a claim of retaliation because "[n]othing about this assertion indicates that Dulleh was engaged in the exercise of a

constitutionally protected right." ECF No. 3 at 2. Plaintiff's description of Cunningham's conduct, as well as the other officers mentioned, fails to state an Eighth Amendment claim.

Verbal abuse of inmates by guards, without more, states no claim of assault. *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)). Prison officials cannot be held liable for violating the Eighth Amendment unless they knew of, and then disregarded, an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "An accidental or inadvertent response to a known risk is insufficient to create Eighth Amendment liability." *Anderson v. Kingsley*, 877 F.3d 539, 544 (4th Cir. 2017). While this Court does not condone correctional officers' unprofessional taunting of Plaintiff's manner of speech, the conduct attributed to Cunningham and the other officers who did not take action in response to Plaintiff's complaint falls far short of the cruel and unusual punishment prohibited by the Eighth Amendment. Additionally, while Plaintiff filed an administrative remedy procedure complaint ("ARP") regarding Cunningham's conduct, *see* ECF No. 6-1 at 5, there is no indication that adverse actions were taken against Plaintiff in retaliation for his filing the ARP. *See Booker v. S. Carolina Dep't of Corrections*, 855 F.3d 533, 545 (4th Cir. 2017) (retaliation for accessing administrative remedies states a cognizable claim).

A prisoner must prove two elements to establish that particular conduct by prison officials constitutes cruel and unusual punishment: (1) "the deprivation of [a] basic human need was *objectively* 'sufficiently serious,'" and (2) "*subjectively* the officials act[ed] with a sufficiently culpable state of mind." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (emphasis in original) (citation omitted). "In formulating and executing decisions relating to cell assignments, we must allow prison authorities the discretion to take into account the particular safety and security concerns facing male inmates, even though such considerations result in disparate

treatment based upon gender." *Veney v. Wyche*, 293 F.3d 726, 734 (4th Cir. 2002) (segregation of homosexual male inmates); *Restucci v. Clarke*, 669 F. Supp. 2d 150, 156 (D. Mass. 2009) (claim that anxiety disorder prohibits double celling survives motion to dismiss). Plaintiff's claims that he was threatened with missing a recreation period after Witmer cut the recreation period short by five or ten minutes, and that he was only allowed ten minutes to shower after a period of 90 hours, do not describe a deprivation of a basic human need that is objectively serious. Further, the Amended Complaint demonstrates that Plaintiff's apparent need for psychiatric treatment after he had a "mental breakdown" is evidence that the officers involved did not act with a sufficiently culpable state of mind. "Although the availability of basic hygiene items may be considered a minimal necessity, the Eighth Amendment is only violated when the deprivation of these items is sufficiently serious or lengthy and the prison officials have acted with deliberate indifference." *Richmond v. Stigile*, 22 F. Supp. 2d 476, 480 (D. Md. 1998).

To the extent that Plaintiff asserts that other inmates are subjected to Eighth Amendment violations, he has no standing to raise such a claim. To state a civil rights claim, a prisoner must allege that he, himself, sustained a deprivation of right, privilege, or immunity secured by the Constitution or federal law. *See Inmates v. Owens*, 561 F.2d 560, 563 (4th Cir. 1977). To demonstrate standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984) (abrogated on other grounds by *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014)). Plaintiff simply has no standing to assert the rights of another inmate who may have suffered harm as the result of a constitutional violation.

For these reasons, the Amended Complaint must be dismissed for failure to state a claim on which relief may be granted. Plaintiff is forewarned that his right to pursue relief in federal

court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1).  Specifically, Plaintiff will not be allowed to proceed *in forma pauperis*, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish that he "is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  This case is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) (ii) for failure to state a claim, and this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).

    A separate Order follows.


__May 17, 2021____                           _____/S/_____
Date                                                      Paul W. Grimm
                                                          United States District Judge